CUNNINGHAM v. TROLAN.

(Supreme Court, Appellate Term. March, 1902.)

PARTNERSHIP—EXISTENCE—EVIDENCE—PERJURY.
    Where the evidence in an action for contribution from defendant for the amount of a judgment paid shows that the action in which such judgment was recovered was brought against plaintiff and defendant as partners, and that plaintiff filed a verified answer therein, denying the existence of the partnership, no recovery can be had.

Appeal from municipal court, borough of Manhattan, Third district.
Action by James Cunningham against Dennis J. Trolan. Judgment for plaintiff, and defendant appeals. Reversed.
Argued before FREEDMAN, P. J., and GREENBAUM and GIEGERICH, JJ.

Nathaniel Cohen, for appellant.
Frank H. Smiley, for respondent.

GREENBAUM, J. The defendant appeals from a judgment rendered against him in the Third district municipal court, upon an

alleged cause of action arising out of the following state of facts:
Plaintiff alleges "that on or about June 4, 1894, plaintiff and defendant
were copartners, and jointly interested in excavating certain premises
situated on the south side of Seventy-Second street," in the city of
New York, and that on said date, "while engaged in such excavation,
plaintiff and defendant had in their employ one Joseph Raynor," who
claimed to have sustained certain injuries, occurring through the negli-
gence of the parties to the action; that the said Raynor brought an
action against said parties in the late superior court for damages by
reason of his injuries sustained as aforesaid; that the said action re-
sulted in a judgment for $1,165.16 against the above-named plaintiff
alone; that "on or about June 4, 1901, the plaintiff was compelled to,
and did, pay in satisfaction of said judgment the sum of five hundred
dollars"; and that, "notwithstanding the frequent promises of defend-
ant to pay his one-half of said five hundred dollars, he has failed to
pay same, or any part thereof, although duly demanded." Defendant
denies any partnership. It appeared that, in the action in the superior
court brought by Raynor against the parties in this action, separate
answers were interposed, in which the partnership between them was
denied by each of them. The verified answer of Cunningham (the
plaintiff here) denied not only the partnership, but also that they were
jointly interested in and about the work which "plaintiff [Raynor]
was engaged in performing," and affirmatively alleged that he (Cun-
ningham) had a contract for excavating said premises, and that Ray-
nor was employed by him. Upon the issue created by the denial of
the partnership of the parties, the defendant Trolan was relieved from
all liability in the Raynor case. Cunningham now comes into court,
confessedly admitting perjury in the Raynor case, and asserts a part-
nership with the defendant. Aside from the reason that the preponder-
ance of evidence is against the plaintiff, it scarcely needs more than a
comprehension of the facts to show why the court will not sanction a
judgment based upon the vital issue of partnership, where the plaintiff
unequivocally testified in another action that no partnership existed.
Our disposition of the case here is not to be construed as holding that
the court below had jurisdiction to try the alleged cause of action set
forth. In the view of the case that we take, it becomes unnecessary
to consider this question.

Judgment reversed, and new trial ordered, with costs to appellant
to abide event. All concur.